IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AIXA MARIE SANTIAGO-TORRES, | ) CIVIL ACTION NO. 5:22-CV-02875: |
| | ) RAL |
| *Plaintiff,* | ) |
| | ) |
| v. | ) |
| | ) |
| THE KELLOGG COMPANY d/b/a | ) |
| KELLOG'S | ) |
| | ) |
| AND | ) |
| | ) |
| JOHN DOE, | ) |
| UNIDENTIFIED PERSON OR BUSINESS | ) |
| ENTITY/OWNER/OPERATOR OF | ) |
| COMPANY THAT LOADED ITEMS THAT | ) |
| INJURED PLAINTIFF AS DESCRIBED | ) |
| HEREIN | ) |
| | ) |
| | ) |
| *Defendants/Third-Party Plaintiff* | ) |
| | ) |
| AND | ) |
| | ) |
| RYDER INTEGRATED LOGISTICS, INC. | ) |
| | ) |
| *Third-Party Defendant.* | ) |

## RYDER INTEGRATED LOGISTICS, INC'S MOTION TO DISMISS THE KELLOGG COMPANY'S THIRD-PARTY COMPLAINT

Third-Party Defendant, Ryder Integrated Logistics, Inc. (hereinafter "Ryder"), by and through its undersigned counsel, Goldberg Segalla, LLP, hereby files the within Motion to Dismiss The Kellogg Company's Third-Party Complaint and states as follows:

**I.    BACKGROUND**

1.    Plaintiff, Aixa Marie Santiago-Torres, initiated this action on June 30, 2022 by filing a Complaint in the Court of Common Pleas of Philadelphia County, naming only

Defendants, The Kellogg Company d/b/a Kellogg's ("Kellogg") and John Doe. *See* Plaintiff's Complaint attached as "Exhibit A."

2. Plaintiff alleges that "On August 18, 2020, Plaintiff, Aixa Marie Santiago-Torres, was an employee of Ryder Systems, Inc., working at 2001 Yellow Good Road, Lancaster, Pennsylvania … [and] Plaintiff was about to be unloading a tractor-trailer when, suddenly and without warning, pallets of product began falling out of the trailer when Plaintiff opened the door, striking Plaintiff's left arm and her body. *Id*. at ¶¶ 5 – 6.

3. Plaintiff's Complaint contains two Counts, both for ordinary negligence, with one against Kelloggs and one against the John Doe Defendant. *Id*. at Counts I and II.

4. In response, Kellogg filed a Notice of Removal in the Court of Common Pleas of Philadelphia County on August 8, 2022, removing the matter to the United States District Court for the Eastern District of Pennsylvania. *See* Kellogg Notice of Removal attached as "Exhibit B."

5. Kellogg filed its Answer with Affirmative Defenses on August 9, 2022. See Kellogg Answer attached as "Exhibit C."

6. Kellogg then filed a Third-Party Complaint on August 23, 2022, naming Ryder Integrated Logistics, Inc. as a Third-Party Defendant. *See* Kellogg Third-Party Complaint attached as "Exhibit D."

7. Kellogg's Third-Party Complaint contends that it had entered into a Warehouse Services Agreement ("the Agreement") with Ryder on November 1, 2019. *See Id*. at ¶ 6.

8. Kellogg's Third-Party Complaint alleges three Counts against Ryder: (I) Common law Indemnity; (II) Contractual Indemnity; and (III) Duty to Defend/Costs of Defense. *See Id*. at Counts I, II, and III.

9. However, Kellogg only attached the Indemnity Provision of the Agreement. *See Id.* at Exhibit A.

10. The Agreement contains a forum selection clause that states: "Each Party irrevocably (i) submits to the <u>exclusive</u> jurisdiction of the courts Michigan over any claim or matter arising under or in connection with this Agreement or the legal relationships established by this Agreement, and (i) waives any rights it may otherwise have to a trial by jury." *See* The Agreement § 18.1 attached as "Exhibit E."

11. Counsel for Kellogg provided an extension until November 7, 2022 to file a responsive pleading.

12. Ryder now moves to dismiss this action pursuant to F.R.C.P. 12(b)(6) and in the alternative, if the dismissal is denied, to transfer venue pursuant to 28 U.S.C. 1404(a).

## II. LEGAL ARGUMENT

13. A party may move under F.R.C.P. 12(b)(6) for dismissal when enforcing a forum selection clause that allows for suit in either a state or federal forum or under 28 U.S.C. § 1404(a) to transfer a case to another federal court based on a forum selection clause. *Podesta v. Hanzel*, 684 F. App'x 213, 216 (3d Cir. 2017).

14. In the present action, the Forum Selection Clause contained in the Agreement entered into by Kellogg and Ryder provides that the parties "irrevocably" submit to the "exclusive jurisdiction of the courts of Michigan." *See* "Exhibit E."

15. The Forum Selection Clause does not specify whether the action should be brought in federal court or state court. *See Id.*

16. Therefore, Ryder may move to dismiss the action pursuant to F.R.C.P. 12(b)(6) and in the alternative, if dismissal is denied, transfer the action to a venue in Michigan pursuant to 28 U.S.C. 1404(a)

### A. This Action Must be Dismissed Pursuant to F.R.C.P. 12(b)(6) Because Ryder and Kellogg Entered Into A Valid Forum Selection Clause That Indicates the Courts of Michigan Should be the Forum

17. A Rule 12(b)(6) dismissal is an acceptable means of enforcing such a [forum selection] clause when, as here, the clause allows for suit in either a state or federal forum. *Podesta v. Hanzel*, 684 F. App'x 213, 216 (3d Cir. 2017).

18. The Third Circuit's holding in *Crescent Int'l Inc. v. Avatar Communities, Inc.*, leaves no doubt that a 12(b)(6) dismissal is a permissible means of enforcing a forum selection clause that allows suit to be filed in another federal forum. *See Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 298 (3d Cir. 2001).

19. In *Crescent Int'l Inc.,* a Florida corporation, Avatar Communities, Inc. and a Pennsylvania corporation, Crescent International, Inc., entered into an agreement containing a forum selection that required "'any litigation . . . [to] be maintained' in a state or federal court in Miami, Florida." 857 F.2d 943, 944 (3d Cir. 1988) (per curiam) (emphasis added). Nevertheless, Crescent filed an action in the United States District Court for the Eastern District of Pennsylvania. In response, Avatar filed a Rule 12(b)(6) motion to dismiss, arguing a breach of the forum selection clause. The District Court granted Avatar's Rule 12(b)(6) motion based on the forum selection clause and [the Third Circuit] upheld the dismissal. *See Crescent*, 857 F.2d at 944-45.

20. In the present action, a Forum Selection Clause exists in the Agreement between Kellogg and Ryder.

21. Both parties consented to this Forum Selection Clause, and the Forum Selection Clause clearly states that: "Each Party irrevocably (i) submits to the <u>exclusive</u> jurisdiction of the courts Michigan over any claim or matter arising under or in connection with this Agreement or the legal relationships established by this Agreement, and (i) waives any rights it may otherwise have to a trial by jury." *See* "Exhibit E."

22. This matter clearly arises under or in connection with the Agreement because it concerns a Ryder employee who was injured while unloading a tractor-trailer filled with pallets of Kellogg merchandise. *See* "Exhibit A."

23. A reading of this Forum Selection Clause clearly indicates that the only proper forum for this action is either a state or federal court in Michigan.

24. Likewise, dismissal under F.R.C.P. 12(b)(6) is an appropriate remedy for enforcing this subject Forum Selection Clause. *See Podesta v. Hanzel*, 684 F. App'x 213, 216 (3d Cir. 2017); *Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 298 (3d Cir. 2001).

25. Much like in *Crescent Int'l Inc.* where the entities entered into an agreement that contained a forum selection clause that all actions must be filed in either Florida state or federal court, Ryder and Kellogg have consented to a forum selection clause to file any actions arising under this subject Agreement in either Michigan state or federal Court.

26. In *Crescent Int'l Inc.*, defendant Avatar filed a motion to dismiss pursuant to F.R.C.P. 12(b)(6) based on the forum selection clause.

27. The District Court in *Crescent Int'l Inc*. granted the motion to dismiss pursuant to F.R.C.P. 12(b)(6) based on the forum selection clause, and that decision was upheld by the Third Circuit Court of Appeals.

28. Here, Ryder makes the identical argument.

29.     Moreover, Kellogg has its principal place of business in the selected forum state of Michigan with an address of One Kellogg Square, 67 West Michigan, Ave 3rd Floor, Battle Creek, Michigan 49017. *See* "Exhibit E" at § 18.1.

30.     Ryder's principal place of business is located in Florida with an address of 11690 NW 105 Street, Miami, Florida, 33178.

31.     Clearly, the Forum Selection Clause mandates that any actions must be brought in Kelloggs own home state of Michigan, raising an inference that Kellogg had influence in choosing Michigan as the forum state when the parties negotiated the Forum Selection Clause and executed the Agreement.

32.     Accordingly, in the interests of justice, the Forum Selection Clause must be complied with, and this action should be dismissed pursuant to F.R.C.P. 12(b)(6).

**B.      If This Action is Not Dismissed, It Must be Transferred to a Michigan District Court Pursuant to the Valid Forum Selection Clause Entered Into By Ryder and Kellogg and 28 U.S.C. 1404(a)**

33.     It is clear that a party may bring a motion to transfer from the initial federal forum to another federal forum on a valid forum selection clause. *Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 297 (3d Cir. 2001). Such a motion is governed by 28 U.S.C. 1404(a). *Id*.

34.     A party may move under 28 U.S.C. § 1404(a) to transfer a case to another federal court based on a valid forum selection clause. *Podesta v. Hanzel*, 684 F. App'x 213, 216 (3d Cir. 2017).

35.     For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court where it might have been brought or to any district or division to which all parties have consented. 28 U.S.C. 1404(a).

36.     Here, both Kellogg and Ryder have consented to actions arising under or in connection with the Agreement be brought in Michigan. *See* "Exhibit E."

37.     The present Forum Selection Clause does not specify between Michigan state court or federal court. *See Id*.

38.     A plain reading of the Forum Selection Clause clearly dictates that the parties have consented to both Michigan state court and federal court. *See Id*.

39.     Because the parties have consented to bring any action arising under or in connection with the Agreement in Michigan federal court, this action can be transferred to a federal district in Michigan pursuant to 28 U.S.C. 1404(a) and the established precedent in the Third Circuit. *See Podesta v. Hanzel*, 684 F. App'x 213, 216 (3d Cir. 2017); *Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 298 (3d Cir. 2001).

40.     Accordingly, if this Court is unwilling to dismiss this action pursuant to F.R.C.P. 12(b)(6) as described above, Ryder requests that this action be transferred to district court in Michigan complying with the Forum Selection Clause contained in the Agreement and pursuant to 28 U.S.C. 1404(a).

## III.     CONCLUSION

For the reasons stated above concerning the Forum Selection Clause contained in the Agreement between Ryder and Kellogg, Ryder requests that this Honorable Court dismiss this action pursuant to F.R.C.P. 12(b)(6) and in the alternative, if the action is not dismissed, that the action be transferred to a district court in Michigan pursuant to 28. U.S.C. 1404(a).

|  |  |
|---|---|
|  | **GOLDBERG SEGALLA, LLP** |
|  | By: /s/ *Sean T. Stadelman* |
|  | Sean T. Stadelman – Bar No: 201636 |
|  | Avery J. Quiles – Bar No: 329616 |
|  | Goldberg Segalla LLP |
|  | 1700 Market Street, Suite 1418 |
|  | Philadelphia, PA 19103-3907 |
|  | 267.519.6800 |
| Dated: November 7, 2022 | sstadelman@goldbergsegalla.com |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AIXA MARIE SANTIAGO-TORRES, | CIVIL ACTION NO. 5:22-CV-02875: RAL |
| *Plaintiff,* | |
| v. | |
| THE KELLOGG COMPANY d/b/a KELLOG'S | |
| AND | |
| JOHN DOE, UNIDENTIFIED PERSON OR BUSINESS ENTITY/OWNER/OPERATOR OF COMPANY THAT LOADED ITEMS THAT INJURED PLAINTIFF AS DESCRIBED HEREIN | |
| *Defendants/Third-Party Plaintiff* | |
| AND | |
| RYDER INTEGRATED LOGISTICS, INC. | |
| *Third-Party Defendant.* | |

**RYDER INTEGRATED LOGISTICS, INC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE KELLOGG COMPANY'S THIRD-PARTY COMPLAINT**

**I.   PRELIMINARY STATEMENT**

Third-Party Defendant, Ryder Integrated Logistics, Inc. (hereinafter "Ryder"), by and through its undersigned counsel, Goldberg Segalla, LLP, hereby files the within Memorandum of Law in support of its Motion to Dismiss The Kellogg Company's Third-Party Complaint and/or to Transfer Venue and states as follows:

## II. STATEMENT OF QUESTIONS INVOLVED

1. Should this Honorable Court dismiss this action pursuant to F.R.C.P. 12(b)(6) where both Kellogg and Ryder have consented to a Forum Selection Clause mandating that any action arising under or in connection with the Agreement be filed in Michigan state or federal court?

    **Suggested Answer: Yes**

2. If this action is not dismissed pursuant to F.R.C.P. 12(b)(6), should this Honorable Court transfer this action pursuant to 28 U.S.C. 1404(a) to a District Court in Michigan where Kellogg and Ryder have both consented to bring any action arising under or in connection with the Agreement to Michigan federal court?

    **Suggested Answer: Yes**

## III. BACKGROUND

Plaintiff, Aixa Marie Santiago-Torres, initiated this action on June 30, 2022 by filing a Complaint in the Court of Common Pleas of Philadelphia County, naming only Defendants, The Kellogg Company d/b/a Kellogg's ("Kellogg") and John Doe. *See* Plaintiff's Complaint attached as "Exhibit A." Plaintiff alleges that "On August 18, 2020, Plaintiff, Aixa Marie Santiago-Torres, was an employee of Ryder Systems, Inc., working at 2001 Yellow Good Road, Lancaster, Pennsylvania … [and] Plaintiff was about to being unloading a tractor-trailer when, suddenly and without warning, pallets of product began falling out of the trailer when Plaintiff opened the door, striking Plaintiff's left arm and her body. *Id*. at ¶¶ 5 – 6.

Plaintiff's Complaint contains two Counts, both for ordinary negligence, with one against Kelloggs and one against the John Doe Defendant. *Id*. at Counts I and II. In response, Kellogg filed a Notice of Removal in the Court of Common Pleas of Philadelphia County on August 8, 2022, removing the matter to the United States Eastern District of Pennsylvania. *See* Kellogg Notice of Removal attached as "Exhibit B." Kellogg filed its Answer with Affirmative Defenses on August 9, 2022. *See* Kellogg Answer attached as "Exhibit C." Kellogg then filed a Third-

Party Complaint on August 23, 2022, naming Ryder Integrated Logistics, Inc. as a Third-Party Defendant. *See* Kellogg Third-Party Complaint attached as "Exhibit D."

Kellogg's Third-Party Complaint contends that it had entered into a Warehouse Services Agreement ("the Agreement") with Ryder on November 1, 2019. *See Id*. at ¶ 6. Kellogg's Third-Party Complaint alleges three Counts against Ryder: (I) Common law Indemnity; (II) Contractual Indemnity; and (III) Duty to Defend/Costs of Defense. *See Id*. at Counts I, II, and III. However, Kellogg only attached the Indemnity Provision of the Agreement. *See Id*. at Exhibit A.

The Agreement contains a forum selection clause that states: "Each Party irrevocably (i) submits to the <u>exclusive</u> jurisdiction of the courts Michigan over any claim or matter arising under or in connection with this Agreement or the legal relationships established by this Agreement, and (i) waives any rights it may otherwise have to a trial by jury." *See* The Agreement § 18.1 attached as "Exhibit E." Counsel for Kellogg provided an extension until November 7, 2022, to file a responsive pleading. Ryder now moves to dismiss this action pursuant to F.R.C.P. 12(b)(6) and in the alternative, if the dismissal is denied, to transfer venue pursuant to 28 U.S.C. 1404(a).

**IV.   LEGAL ARGUMENT**

A party may move under F.R.C.P. 12(b)(6) for dismissal when enforcing a forum selection clause that allows for suit in either a state or federal forum or under 28 U.S.C. § 1404(a) to transfer a case to another federal court based on a forum selection clause. *Podesta v. Hanzel*, 684 F. App'x 213, 216 (3d Cir. 2017).

In the present action, the Forum Selection Clause contained in the Agreement entered into by Kellogg and Ryder provides that the parties "irrevocably" submit to the "exclusive jurisdiction of the courts of Michigan." *See* "Exhibit E." The Forum Selection Clause does not

specify whether the action should be brought in federal court or state court. *See Id*. Therefore, Ryder may move to dismiss the action pursuant to F.R.C.P. 12(b)(6) and in the alternative, if dismissal is denied, transfer the action to a venue in Michigan pursuant to 28 U.S.C. 1404(a)

### A. This Action Must be Dismissed Pursuant to F.R.C.P. 12(b)(6) Because Ryder and Kellogg Entered Into A Valid Forum Selection Clause That Indicates the Courts of Michigan Should be the Forum

A Rule 12(b)(6) dismissal is an acceptable means of enforcing such a [forum selection] clause when, as here, the clause allows for suit in either a state or federal forum. *Podesta v. Hanzel*, 684 F. App'x 213, 216 (3d Cir. 2017). The Third Circuit's holding in *Crescent Int'l Inc. v. Avatar Communities, Inc.,* leaves no doubt that a 12(b)(6) dismissal is a permissible means of enforcing a forum selection clause that allows suit to be filed in another federal forum. *See Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 298 (3d Cir. 2001).

In *Crescent Int'l Inc.,* a Florida corporation, Avatar Communities, Inc. and a Pennsylvania corporation, Crescent International, Inc., entered into an agreement containing a forum selection that required "'any litigation . . . [to] be maintained' in a state or federal court in Miami, Florida." 857 F.2d 943, 944 (3d Cir. 1988) (per curiam) (emphasis added). Nevertheless, Crescent filed an action in the United States District Court for the Eastern District of Pennsylvania. In response, Avatar filed a Rule 12(b)(6) motion to dismiss, arguing a breach of the forum selection clause. The District Court granted Avatar's Rule 12(b)(6) motion based on the forum selection clause and [the Third Circuit] upheld the dismissal. *See Crescent*, 857 F.2d at 944-45.

In the present action, a Forum Selection Clause exists in the Agreement between Kellogg and Ryder. Both parties consented to this Forum Selection Clause, and the Forum Selection Clause clearly states that: "Each Party irrevocably (i) submits to the <u>exclusive</u> jurisdiction of the

courts Michigan over any claim or matter arising under or in connection with this Agreement or the legal relationships established by this Agreement, and (i) waives any rights it may otherwise have to a trial by jury." *See* "Exhibit E."

This matter clearly arises under or in connection with the Agreement because it concerns a Ryder employee who was injured while unloading a tractor-trailer filled with pallets of Kellogg merchandise. *See* "Exhibit A." A reading of this Forum Selection Clause clearly indicates that the only proper forum for this action is either a state or federal court in Michigan. Likewise, dismissal under F.R.C.P. 12(b)(6) is an appropriate remedy for enforcing this subject Forum Selection Clause. *See Podesta v. Hanzel*, 684 F. App'x 213, 216 (3d Cir. 2017); *Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 298 (3d Cir. 2001).

Much like in *Crescent Int'l Inc.* where the entities entered into an agreement that contained a forum selection clause that all actions must be filed in either Florida state or federal court, Ryder and Kellogg have consented to a forum selection clause to file any actions arising under this subject Agreement in either Michigan state or federal Court. In *Crescent Int'l Inc.*, defendant Avatar filed a motion to dismiss pursuant to F.R.C.P. 12(b)(6) based on the forum selection clause. The District Court in *Crescent Int'l Inc.* granted the motion to dismiss pursuant to F.R.C.P. 12(b)(6) based on the forum selection clause, and that decision was upheld by the Third Circuit Court of Appeals.

Here, Ryder makes the identical argument. Moreover, Kellogg has its principal place of business in the selected forum state of Michigan with an address of One Kellogg Square, 67 West Michigan, Ave 3rd Floor, Battle Creek, Michigan 49017. *See* "Exhibit E" at § 18.1. Ryder's principal place of business is located in Florida with an address of 11690 NW 105 Street, Miami, Florida, 33178. Clearly, the Forum Selection Clause mandates that any actions must be brought

in Kelloggs own home state of Michigan, raising an inference that Kellogg chose Michigan as the forum state when the parties negotiated the Forum Selection Clause and executed the Agreement.

Accordingly, in the interests of justice, the Forum Selection Clause must be complied with, and this action should be dismissed pursuant to F.R.C.P. 12(b)(6).

### B. If This Action is Not Dismissed, It Must be Transferred to a Michigan District Court Pursuant to the Valid Forum Selection Clause Entered Into By Ryder and Kellogg and 28 U.S.C. 1404(a)

It is clear that a party may bring a motion to transfer from the initial federal forum to another federal forum on a valid forum selection clause. *Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 297 (3d Cir. 2001). Such a motion is governed by 28 U.S.C. 1404(a). *Id*. A party may move under 28 U.S.C. § 1404(a) to transfer a case to another federal court based on a valid forum selection clause. *Podesta v. Hanzel*, 684 F. App'x 213, 216 (3d Cir. 2017). For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court where it might have been brought or to any district or division to which all parties have consented. 28 U.S.C. 1404(a).

Here, both Kellogg and Ryder have consented to actions arising under or in connection with the Agreement be brought in Michigan. *See* "Exhibit E." The present Forum Selection Clause does not specify between Michigan state court or federal court. *See Id*. A plain reading of the Forum Selection Clause clearly dictates that the parties have consented to both Michigan state court and federal court. *See Id*. Because the parties have consented to bring any action arising under or in connection with the Agreement in Michigan federal court, this action can be transferred to a federal district in Michigan pursuant to 28 U.S.C. 1404(a) and the established

precedent in the Third Circuit. *See Podesta v. Hanzel*, 684 F. App'x 213, 216 (3d Cir. 2017); *Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 298 (3d Cir. 2001).

Accordingly, if this Court is unwilling to dismiss this action pursuant to F.R.C.P. 12(b)(6) as described above, Ryder requests that this action be transferred to district court in Michigan complying with the Forum Selection Clause contained in the Agreement and pursuant to 28 U.S.C. 1404(a).

## V.   CONCLUSION

For the reasons stated above concerning the Forum Selection Clause contained in the Agreement between Ryder and Kellogg, Ryder requests that this Honorable Court dismiss this action pursuant to F.R.C.P. 12(b)(6) and in the alternative, if the action is not dismissed, that the action be transferred to a district court in Michigan pursuant to 28. U.S.C. 1404(a).

**GOLDBERG SEGALLA, LLP**

By: **/s/ *Sean T. Stadelman*___**
Sean T. Stadelman – Bar No: 201636
Avery J. Quiles – Bar No: 329616
Goldberg Segalla LLP
1700 Market Street, Suite 1418
Philadelphia, PA 19103-3907
267.519.6800
sstadelman@goldbergsegalla.com

Dated: November 7, 2022

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing Motion to Compel Compliance with Subpoena was served via the Court's ECF System and via certified mail to all counsel of record and involved parties on this 7th day of November, 2022.

                                                **GOLDBERG SEGALLA, LLP**

                                                By: **/s/  Sean T. Stadelman**
                                                Sean T. Stadelman – Bar No: 201636
                                                Goldberg Segalla LLP
                                                1700 Market Street, Suite 1418
                                                Philadelphia, PA 19103-3907
                                                267.519.6800
                                                sstadelman@goldbergsegalla.com

Date: November 7, 2022