UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AXIA MARIE SANTIAGO-TORRES**<br>         **Plaintiff**<br>    v.<br><br>**THE KELLOGG COMPANY d/b/a KELLOGG'S**<br>    and<br><br>**JOHN DOE, UNIDENTIFIED PERSON OR BUSINESS ENTITY/OWNER/OPERATOR OF COMPANY THAT LOADED ITEMS THAT INJURED PLAINTIFF AS DESCRIBED HEREIN**<br>         **Defendants**<br>    v.<br><br>**RYDER INTEGRATED LOGISTICS, INC.**<br>         **Third-Party Defendant** | :<br>:  NO. 5:22-cv-2875<br>:<br>:<br>:<br>:  CIVIL ACTION-LAW<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## ORDER

AND NOW, this _____ day of _____, 2023, upon consideration of Plaintiff's Motion to Compel Discovery, and any response thereto, it is hereby ORDERED and DECREED that said Motion is GRANTED and that Third-Party Defendant, Ryder Systems, Inc., shall, without objection, provide full and complete verified responses to Plaintiff's First Set of Interrogatories and shall supply all documents and things requested in Plaintiff's First Request for Production of Documents within twenty days from today's date or risk sanctions.

                                                                      BY THE COURT:


                                                                      _____
                                                                                                            J.

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AXIA MARIE SANTIAGO-TORRES**<br>          **Plaintiff**<br>   v.<br><br>**THE KELLOGG COMPANY d/b/a KELLOGG'S**<br>   and<br><br>**JOHN DOE, UNIDENTIFIED PERSON OR BUSINESS ENTITY/OWNER/OPERATOR OF COMPANY THAT LOADED ITEMS THAT INJURED PLAINTIFF AS DESCRIBED HEREIN**<br>          **Defendants**<br>   v.<br><br>**RYDER INTEGRATED LOGISTICS, INC.**<br>          **Third-Party Defendant** | :<br>: NO. 5:22-cv-2875<br>:<br>:<br>: CIVIL ACTION-LAW<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Plaintiff, Aixa Marie Santiago-Torres, by and through her undersigned attorney, respectfully requests that Third-Party Defendant, Ryder Systems, Inc., be directed to provide full and complete responses to Plaintiff's outstanding Interrogatories and Requests for Production of Documents forthwith and, in support thereof, avers as follows:

1. By letter dated March 2, 2023, Third-Party Defendant, Ryder Systems, Inc., was served with Plaintiff's First Set of Interrogatories and Request for Production of Documents relative to the above-captioned case.

2. By e-mail dated March 28, 2023, Plaintiff's counsel requested that counsel for Third-Party Defendant, Ryder Systems, Inc., produce his client's discovery responses before upcoming depositions which were scheduled to take place on April 3, 2023. A true and correct copy of the March 28, 2023 e-mail is attached hereto as Exhibit "A."

3. Third-Party Defendant, Ryder Systems, Inc., did not produce its discovery responses prior to April 3, 2023.

4. By letter dated April 7, 2023, Plaintiff's counsel advised counsel for Third-Party Defendant, Ryder Systems, Inc., that their client's discovery responses were overdue and requested that discovery responses be provided by the close of business on Thursday, April 13, 2023 to avoid the filing of a Motion to Compel.  A true and correct copy of the April 7, 2023 letter is attached hereto as Exhibit "A."

5. To this date, although the Third-Party Defendant's responses to the foregoing discovery requests are overdue, and despite requests made upon defense counsel that their client comply with discovery obligations, the Third-Party Defendant has not provided any response whatsoever to Plaintiff's outstanding discovery requests.  Likewise, the Third-Party Defendant has not sought a Protective Order nor has any timely objection been made to any of the outstanding discovery requests.

6. Plaintiff is being hampered in her ability to evaluate her claims and any defenses thereto and to prepare for trial and may be otherwise prejudiced by the Third-Party Defendant's failure to comply with its discovery obligations under the Pennsylvania Rules of Civil Procedure.

7. Plaintiff requires an Order of this Court to protect her rights and enforce the Third-Party Defendant's obligations under the applicable Rules of Civil Procedure.

WHEREFORE, for the foregoing reasons, Plaintiff, Aixa Marie Santiago-Torres, respectfully requests that this Honorable Court enter an Order in the form attached directing Third-Party Defendant, Ryder Systems, Inc., to provide full and complete Answers, without objection, to Plaintiff's First Set of Interrogatories and to supply all documents and things requested in Plaintiff's First Request for Production of Documents within twenty days or risk sanctions.

        **Respectfully Submitted,**

        **SOLNICK & ASSOCIATES, LLC**


BY:     /s/ Jay L. Solnick
        **JAY L. SOLNICK, ESQUIRE**
        **Attorney for Plaintiff**

## **VERIFICATION**

I, JAY L. SOLNICK, ESQUIRE, hereby verify that I am counsel for the Plaintiff in the foregoing action and that the statements made in the foregoing Motion to Compel Discovery are true and correct to the best of my knowledge, information and belief. I understand the statements therein are made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

                                                      **/s/ Jay L. Solnick**
                                             **JAY L. SOLNICK, ESQUIRE**

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AXIA MARIE SANTIAGO-TORRES**<br>     **Plaintiff**<br>  v.<br><br>**THE KELLOGG COMPANY d/b/a KELLOGG'S**<br>  and<br><br>**JOHN DOE, UNIDENTIFIED PERSON OR BUSINESS ENTITY/OWNER/OPERATOR OF COMPANY THAT LOADED ITEMS THAT INJURED PLAINTIFF AS DESCRIBED HEREIN**<br>     **Defendants**<br>  v.<br><br>**RYDER INTEGRATED LOGISTICS, INC.**<br>     **Third-Party Defendant** | NO. 5:22-cv-2875<br><br>CIVIL ACTION-LAW |

## ATTORNEY CERTIFICATION OF GOOD FAITH

The undersigned counsel for movant hereby certifies and attests that:

 _X_ a) he or she has had the contacts described below with opposing counsel regarding the discovery matter contained in the foregoing discovery motion in an effort to resolve the specific discovery dispute(s) at issue and, further, that despite all counsel's good faith attempts to resolve the dispute(s), counsel have been unable to do so.

Description:

*See attached Motion and Exhibits "A" and "B."*

 ___ b) he or she has made good-faith but unsuccessful efforts described below to contact opposing counsel in an effort to resolve the discovery dispute.

Description:

                   **CERTIFIED TO THE COURT BY:**


               **BY:** _____/s/ Jay L. Solnick_____
                   **JAY L. SOLNICK, ESQUIRE**
                   **Attorney for Plaintiff**

Date: April 18, 2023